UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN FLYNN, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FCA U.S., LLC, et al.,<br><br>    Defendants. | Case No.17-mc-80051-SVK<br><br>**INTERIM ORDER REGARDING ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 7, 20 |

On April 24, 2017, Movant Brian Flynn, et al. ("Flynn") filed a motion to compel document production from third party Cisco Systems, Inc. ("Cisco") in relation to an action pending in the United States District Court for the Southern District of Illinois, Case No. 15-cv-855. ECF 1 (the "Motion to Compel"). After Flynn filed his Motion to Compel, FCA U.S., LLC ("FCA") informed Flynn that his Motion to Compel referenced documents that FCA produced as confidential in the underlying action, necessitating the Motion to Compel to be filed under seal. ECF 6-1 at 3. On April 27, 2017, FCA filed a Motion to Strike and Seal the Motion to Compel (ECF 6) and Flynn moved to seal the entire Motion to Compel (ECF 7). The Court provisionally placed the Motion to Compel under seal and FCA subsequently withdrew its Motion to Strike and Seal. ECF 15. On May 11, 2017, Flynn filed a reply to Cisco's Opposition to Flynn's Motion to Compel (the "Reply") and moved to file the entire Reply under seal. ECF 20. The Court finds that neither Flynn nor FCA have complied with the Northern District of California Civil Local Rules and instructs compliance as indicated below.

In the Northern District of California, when a party seeks to file a document or portions thereof under seal, the party (the "Submitting Party") must submit a redacted version of the document with a declaration explaining why the document is sealable. Civil L.R. 79-5(d). The Submitting Party must also submit a proposed order that is "narrowly tailored to seal only the

sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civil L.R. 79-5(d)(1)(B).

If the sole reason for sealing is that the document or information has been designated as confidential pursuant to a protective order, stating as much is "not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A). If the document was designated as confidential by a party other than the Submitting Party, the Submitting Party's declaration must "identify the document or portions thereof which contain the designated confidential material and identify the party that has designated the material as confidential ('the Designating Party')." Civil L.R. 79-5(e). Within four days of the filing of the Administrative Motion to File Under Seal, the "Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civil L.R. 79-5(e)(1).

Here, neither the Submitting Party (Flynn) nor the Designating Party (FCA) has complied with the local rules. Flynn has not submitted requests that are narrowly tailored, but rather seeks to seal the entirety of both the Motion to Compel and his Reply. The declaration submitted in support of Flynn's motion to seal his Motion to Compel indicates portions of the Motion to Compel that are confidential with some specificity (e.g., footnote 1 and "the top of page 3"), but does not provide a basis for sealing the entire Motion to Compel. FCA did not provide a declaration establishing that any material in the Motion to Compel is sealable, and instead only generally references the protective order in place in the underlying action and FCA's confidentiality designations. ECF 6-1 at 3.[1] FCA did not submit a declaration to support sealing Flynn's Reply.

Therefore, the Court instructs Flynn to resubmit a redacted version and unredacted version of the Motion to Compel and Reply, pursuant to Local Rule 79-5(d), including an unredacted version which indicates the portions sought to be filed under seal "by highlighting or other clear method." Civil L.R. 79-5(d)(1)(D).

---

[1] The Court treats the declaration submitted with FCA's Motion to Strike and Seal as the declaration, albeit deficient, required by Local Rule 79-5(e)(1).

The Court instructs FCA to submit a declaration indicating, with particularity, the bases for sealing portions of Flynn's Motion to Compel and Flynn's Reply. Civil L.R. 79-5(e)(1).

Finally, the Court instructs Flynn and FCA to meet and confer regarding the above-referenced redactions such that both parties' submissions can be made on the same day, which shall be no later than **May 26, 2017**.

**SO ORDERED.**

Dated: May 18, 2017

SUSAN VAN KEULEN
United States Magistrate Judge